# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIAN ANTHONY LUCAS, : | |
| : | 4:09-cv-1850 |
| Petitioner, : | |
| : | Hon. John E. Jones III |
| v. : | |
| : | Hon. Malachy E. Mannion |
| CAWLEY, FORNEY, COONS and : | |
| PA ATTORNEY GENERAL, : | |
| : | |
| Respondents. : | |

## MEMORANDUM

## October 22, 2009

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendations ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 6), filed on October 6, 2009, which recommends that the petition of Darian Anthony Lucas ("Petitioner" or "Lucas"), for mandamus be dismissed.[1] Lucas filed objections to the report (Doc. 8) on October 14, 2009. The Respondents have not filed objections, nor have they responded to Petitioner's objections. Nonetheless, the issue is ripe for

---

[1] The instant action was filed on a form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, however, Petitioner has labeled his petition as one for mandamus and references the mandamus statue therein.

1

disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's recommendation and dismiss the petition.

## I. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. FACTUAL BACKGROUND

On March 9, 1998, Petitioner filed a civil action in this Court claiming various violations of his civil rights by officials at SCI-Dallas. (*See* Civil Action

No. 3:98-cv-393, Doc. 1). A jury trial was held and judgment was entered in favor of the remaining defendants.[2] (*See* Civil Action No. 3:98-cv-393, Doc. 185).

The Petitioner filed a notice of appeal in the United States Court of Appeals for the Third Circuit. (Civil Action No. 3:98-cv-393, Doc. 186). Petitioner was initially permitted to proceed on his appeal *in forma pauperis*. (Civil Action No. 3:98-cv-393, Doc. 191). However, the Third circuit subsequently denied the Petitioner's application to appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), because the Petitioner had at least three prior civil actions dismissed as being frivolous or for failure to state a claim. (Civil Action No. 3:98-cv-393, Doc. 192). On November 19, 2003, the Petitioner's appeal was dismissed for his failure to timely prosecute. (Civil Action No. 3:98-cv-393, Doc. 193). Thereafter, the Petitioner attempted to revive the action in this Court. (Civil Action No. 3:98-cv-393, Doc. 200). By order dated June 10, 2004, we directed that no further filings would be accepted in the mater. (Civil Action No. 3:98-cv-393, Doc. 202). Just this past July, the Petitioner again attempted to revive the matter in this Court, and was informed by the Clerk that no further filings would be accepted in this matter. (Civil Action No. 3:98-cv-393, Docs. 254-256).

---

[2] Some of the originally named defendants were disposed of through pre-trial motions. (*See* Civil Action No. 3:98-cv-393, Doc. 140).

On September 25, 2009, the Petitioner filed the instant mandamus petition, which directly relates to the previous action. It is clear from a review of the instant petition, that Petitioner is once again seeking to revive Civil Action No. 3:98-cv-393, only this time he is using the guise of a new lawsuit.

## III. DISCUSSION

Mandamus is an "extraordinary remedy." *Mallard v. United States Dist. Ct. for the S. Dist. Of Iowa*, 490 U.S. 296, 309 (1989). To ensure that the writ will only issue in extraordinary circumstances, a party seeking mandamus must demonstrate: (1) that a public official has a well-defined and mandatory duty to perform a certain act; (2) that the petitioner has a clear and indisputable right to have that act performed; and (3) that no other adequate alternative remedy is available.

On October 6, 2009, Magistrate Judge Mannion entered a R&R advising that the petition be dismissed. This determination was based on Magistrate Judge Mannion's conclusion that the Petitioner had failed to demonstrate any of the prerequisites of mandamus relief.

Petitioner's objections to the R&R do not seem to directly relate to the Magistrate Judge's reasoning for the recommendation to dismiss the petition. Petitioner is essentially reiterating his request for the relief he seeks in the petition

– a "final determination on the merits" of Civil Action No. 3:98-cv-393. Petitioner also complains that he was not given a "hardship transfer" when he allegedly completed the prerequisite (remaining "misconduct free" for six months) for such a transfer. (*See* Docs. 8 and 9).

The relief sought by Petitioner is to have this Court assume jurisdiction over the claims raised in his prior civil action, claiming that the Third Circuit committed a procedural error when it denied his application to proceed *in forma pauperis* on appeal. In addition, Petitioner seeks a "case management settlement order" with respect to various claims raised in the prior action which were either disposed of on motion or in the final judgment entered on January 16, 2003. It is wholly evident that the relief sought by Petitioner is not a properly asserted claim for mandamus relief. Moreover, and as aptly noted by the Magistrate Judge, to the extent that the Petitioner's claims directly relate to his previous civil rights action, he has been barred from filing any additional documentation in that matter.

Accordingly, we shall overrule the Petitioner's objections to the R&R and adopt the well-reasoned R&R in its entirety. We shall dismiss as moot Petitioner's pending motions for appointment of counsel and to appoint a master (Docs. 4 and 5), in light of the dismissal of the petition. Further, we shall dismiss as moot Petitioner's Motion to Strike Supplemental Record of the Government (Doc. 7),

which was filed subsequent to the issuance of the R&R. An appropriate order shall issue.